```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Larry Coles, #294158, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>Ms. Sgt. T. Williamson; Ms. Ofc. )<br>Whitney McCain; and Ms. Nurse Stokes,)<br>)<br>    Defendants. )<br>_____) | Civil Action No. 1:17-2866-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court on Plaintiff Larry Coles' pro se complaint alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

  On October 27, 2017, the Court ordered Plaintiff to pay the $350 filing fee or complete an enclosed Application to Proceed Without Prepayment of Fees and Affidavit (From AO240), and to provide the service documents necessary to advance the case. (ECF No. 6.) The Court warned Plaintiff that a failure to provide the necessary information by November 17, 2017, may subject his case to dismissal.

  When Plaintiff failed to respond, the Court issued a second order on November 21, 2017, directing Plaintiff to pay the filing fee or complete the enclosed Form AO240, and to provide the necessary service documents. (ECF No. 10.) Plaintiff was again warned that a failure to comply with the Court's instructions may subject his case to dismissal. Plaintiff partially responded to the Court's order; however, he failed to properly complete his service documents. Therefore, the Court issued a third order on November 28, 2017, directing

Plaintiff to provide the service documents necessary to advance his case by December 19, 2017. (ECF No. 16.) Plaintiff did not file a response.

In light of the foregoing, on January 5, 2018, the Magistrate Judge issued a report and recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this action without prejudice for failure to prosecute, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that

2

this case is subject to dismissal based on Petitioner's failure to comply with the Court's orders and prosecute his case.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 20) and dismisses this action without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

January 24, 2018
Charleston, South Carolina